# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60103
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2015

Lyle W. Cayce
Clerk

THERESA NICOLE CARNEY,

> Plaintiff - Appellant

v.

BRANDON POLICE DEPARTMENT; RANKIN COUNTY SCHOOL DISTRICT; BUDDY BAILEY; ANGY GRAHAM; BRIAN ELWELL,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-617

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Plaintiff-Appellant Theresa Nicole Carney ("Mrs. Carney") appeals the district court's grant of summary judgment to defendants on her claim that defendants violated her Fourth Amendment rights against an unreasonable seizure. The district court found that Mrs. Carney had not established a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60103

violation of her constitutional rights, and, even if she had, the individual defendants were entitled to qualified immunity. We AFFIRM.

## FACTS AND PROCEEDINGS

The district court opinion recounts the following undisputed facts. On September 25, 2013, Mrs. Carney was the passenger in her black Yukon Denali vehicle, driven by her husband, Dr. David Carney, as they picked up her daughter at Brandon High School. At the school, Dr. Carney got into an angry and profane verbal altercation with another student and that student's mother. Dr. Carney also yelled a profanity at the school's assistant principal, Angy Graham, who then told Dr. Carney he was no longer welcome on the school's campus. After these exchanges, Dr. and Mrs. Carney left the school grounds. Graham and the school's principal, Buddy Bailey, informed School Resource Officer Brian Elwell that they wished to speak to the driver—whom they could not identify—if Elwell saw the vehicle return to campus.

The next morning, Mrs. Carney—without her husband—drove her daughter to school in the same black Yukon Denali. Elwell recognized the vehicle as the one identified by the school officials, although he could not immediately identify the driver. Elwell turned on his vehicle's blue lights to make contact with the driver. Elwell approached the driver's side window and asked for Mrs. Carney's driver's license, which she did not have. Elwell told Mrs. Carney, "I'm going to have to ask you to pull around to the front of the school. Mr. Bailey and . . . Ms. Graham need to talk to you." Mrs. Carney drove to the front of the school, followed by Elwell. Without exiting the vehicle, Mrs. Carney discussed the previous day's incident with Bailey and Graham.

Mrs. Carney and her husband filed suit in federal district court soon after these events, asserting federal and state law claims centering on Mrs. Carney's belief that defendants should have arranged an appointment to speak with her and her husband, rather than confronting her in her vehicle. Dr.

No. 15-60103

Carney voluntarily dismissed his claims, and the district court granted defendants summary judgment on Mrs. Carney's claims. Mrs. Carney appeals the grant of summary judgment on her claim that the individual defendants subjected her to an unreasonable seizure in violation of her Fourth Amendment rights.[1]

## DISCUSSION

"We review the district court's grant of summary judgment de novo, construing all facts and evidence in the light most favorable to the non-moving party." *Amerisure Mut. Ins. Co. v. Arch Specialty Ins. Co.*, 784 F.3d 270, 273 (5th Cir. 2015). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The district court granted the individual defendants summary judgment on their qualified immunity defense. A plaintiff may defeat a qualified immunity defense by showing that (1) officials violated a constitutional right; and (2) the right at issue was "clearly established" at the time of the officials' alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The district court found the individual defendants were entitled to qualified immunity because Mrs. Carney did not establish a violation of her Fourth Amendment rights.

A traffic stop by a police officer is a seizure under the Fourth Amendment. *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004). A stop must be justified by reasonable suspicion at its inception and be reasonably related in scope and duration to the circumstances justifying the stop. *See Terry v. Ohio*, 392 U.S. 1, 19–20 (1968). Mrs. Carney does not appeal

---

[1] In her briefs, Mrs. Carney does not challenge the district court's grant of summary judgment to the Rankin County School District or the Brandon Police Department. She has therefore waived any appeal as to those defendants. *See United States v. Whitfield*, 590 F.3d 325, 346 (5th Cir. 2009) ("[A] party waives any argument that it fails to brief on appeal.").

No. 15-60103

the district court's finding that Officer Elwell was justified in initially stopping her vehicle. She argues only that the traffic stop impermissibly continued after Elwell was assured that Dr. Carney was not an occupant of the vehicle in violation of Graham's directive that he remain off campus.

"[O]nce an officer's suspicions have been verified or dispelled, the detention must end unless there is additional articulable, reasonable suspicion." *United States v. Valadez*, 267 F.3d 395, 398 (5th Cir. 2001). Upon approaching the vehicle, seeing Mrs. Carney, and asking for her driver's license, Elwell's suspicions of unlawful activity—that Dr. Carney had violated an order to remain off campus—were eased. Mrs. Carney continued her discussion with Elwell after his initial suspicion was dispelled, but this does not decide the matter. Continued interaction "after satisfaction of the purpose for the initial traffic stop [is] allowable if consensual." *United States v. Sanchez-Pena*, 336 F.3d 431, 441 (5th Cir. 2003). The standard is objective; an encounter is consensual if "'a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter.'" *Id.* (quoting *United States v. Drayton*, 536 U.S. 194, 202 (2002)).

Mrs. Carney attempts to distinguish *Sanchez-Pena* and show that the encounter was not consensual by highlighting her subjective feeling that she did not feel free to leave or to ignore Elwell's request for her to drive to the front of the school to speak with the school officials. But whether continuation of a stop is consensual is an objective inquiry and Mrs. Carney's subjective feelings will not be credited unless a reasonable person would not have felt free to terminate the encounter. *See United States v. Mask*, 330 F.3d 330, 336 (5th Cir. 2003) ("This 'reasonable person' standard is objective, and is concerned not with the citizen's subjective perception . . . but only with what the officers' words and actions would have conveyed to a reasonable and innocent person."

4

(internal citation omitted)).    We agree with the district court that Mrs. Carney's belief was not objectively reasonable.

Several non-exclusive factors help determine when a reasonable person would feel free to terminate an encounter with law enforcement: "(1) the threatening presence of several officers; (2) the display of a weapon by an officer; (3) physical touching of the person of the citizen; and (4) the use of language or tone of voice indicating that compliance with an officer's request might be compelled." *Mask*, 330 F.3d at 337 (citing *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)).    None of these factors supports a finding of a continued seizure.   There was only one officer present, he did not display a weapon, and he never touched Mrs. Carney.   There is no evidence that Elwell raised his voice during the encounter.   Mrs. Carney argues that Elwell's tone was "stern" and "rude," and that Elwell's statement—"I'm going to have to ask you to pull around to the front of the school"—compelled compliance.   But Elwell explained the reason for his request; the principal and assistant principal wished to speak with her.   A reasonable person would have felt free to decline Elwell's request for Mrs. Carney to speak to the school administrators.[2]

Mrs. Carney correctly notes that these factors do not encompass every possible circumstance that can support a finding of a seizure.   But she points to no evidence supporting a finding that a reasonable person would not have felt free to leave.   Although Elwell did not expressly tell her she was free to go and that the stop was over, an officer is not required to verbally inform a driver she is free to go. *See United States v. Muniz*, 340 F. App'x 192, 196 (5th Cir.

---

[2] The Eleventh Circuit considers additional non-exclusive factors when determining whether a seizure takes place, but none supports Mrs. Carney's claim.   Her path was not blocked or impeded, Officer Elwell did not retain her identification, there is no evidence her age, education, or intelligence inhibited her understanding, and the duration of questioning was short." *See United States v. Perez*, 443 F.3d 772, 778 (11th Cir. 2006).

2009) (citing *United States v. Brown*, 102 F.3d 1390, 1394–97 (5th Cir. 1996)). And the stop did not continue just because Elwell followed Mrs. Carney to the front of the building and observed her interaction with the administrators. *See Mask*, 330 F.3d at 337 ("There is nothing particularly coercive about police observation in public.").

The totality of the circumstances shows that Mrs. Carney's opinion that the continuation of the encounter was not consensual was objectively unreasonable. Because the continued interaction was a consensual encounter, not an unconstitutional seizure, we AFFIRM the district court's grant of summary judgment for the individual defendants.